and ownership of the still are not admissible in evidence.

Attorneys—Stahl & Price, Toledo, for Toneff; Don. Bell, Pros. Atty, Port Clinton, for State.

---

### No. 965
### STATE ex BOOTH v. GOODYEAR T. & R. CO.
### SAME v. WILMER

Nos. 20067-68. Supreme Court

In Quo Warranto. Dock. Aug. 24, 1926; 4 Abs. 575.

313. CORPORATIONS—Under no par stock issuing statutes, is the issuance of "management stock" so as to give control of corporation to the holders thereof, in violation of 8728-1 GC?

Booth contents in a Quo Warranto proceeding in the Supreme Court, that issuing of "management stock" under no-par stock statutes, giving holders thereof control of a corporation, is in violation of 8728-1 GC.

Attorneys—G. W. Booth, Akron, for Booth.

---

### No. 966
### RECH v. KRAFT

No. 20069. Supreme Court

On motion to certify. Dock. Aug. 24, 1926; 4 Abs. 590.

1271. WILLS—When testator devises life estate to widow and then remainder over, does the effective date for remainderman commence at testator's death or at death of life tenant?

The question herein involved is, when a testator devises life estate to wife and whatever is then left, to certain remaindermen, is the effective date for remaindermen, at the time of the death of life tenant or testator.

Attorneys—Doolittle, Foust & Holden for Rech; Rockwell & Grant for Kraft; all of Akron.

---

### No. 967
### KOCH v. CARR et

No. 20070. Supreme Court

On motion to certify. Dock. Aug. 24, 1926; 4 Abs. 590.

997. REAL ESTATE — Does title upon notes given to secure future rentals under lease, pass to trustee to whom reversionary rights thereunder has been quit-claimed by owner?

Koch contends in the Supreme Court that title to notes given in payment of future rent under a lease does not pass to trustee who has had the reversionary rights quit-claimed to him.

Attorneys—C. F. Schaber for Koch; L. C. Feighner and C. N. Ahl for Carr; all of Bucyrus.

---

### No. 968
### GUARD. SAV. & TR. CO. v. TEMPLAR MOTOR

No. 20076. Supreme Court

On motion to certify. Dock. Aug. 29, 1926; 4 Abs. 606.

1157. TAXATION—Is insolvent corporation subject to franchise tax during time same is insolvent and being operated by receivers?

The bank contends in the Supreme Court that an insolvent corporation is not subject to franchise tax, during the time it is insolvent and being operated by receivers for benefit of creditors.

Attorneys—Baker, Hostettler & Sidlo, Cleveland, for Bank; C. C. Crabbe, Atty. Gen., and D. E. Green, Columbus, for Company.

---

### No. 969
### N. Y. C. RR. CO. v. PUB. UTIL. COM.

No. 20072. Supreme Court

Error to Commission. Dock. Aug. 26, 1926; 4 Abs. 590.

973. PUBLIC UTILITIES COMMISSION—Will petition in error filed against P. U. C. lie upon the fixing of coal freight rates in the Hocking Valley.

The N. Y. C. RR. Co. filed their petition in error from an order of the Pub. Util. Comm. in fixing rates for shipment of coal in the Hocking Valley district.

Attorneys—C. T. Lewis, Columbus, for Railroad.

---

### No. 970
### STATE ex REITERMAN v. TRACY et

No. 20075. Supreme Court

In Mandamus. Dock. Aug. 29, 1926; 4 Abs. 606.

747. MANDAMUS—Will mandamus lie against the state highway commission to compel it to pay for land for which a deed has been given and recorded?

This is a petition in mandamus to compel the state highway department to pay the purchase price of land sold to said department as a site for division garage, the deed already having been delivered and recorded.

Attorneys—E. L. Hensel and E. H. Davis for State ex; C. C. Crabbe, Atty. Gen., for Tracy; all of Columbus.

---

### No. 971
### OAKWOOD REALTY CO. v. NOLTE
### SAME v. SYMMES
### SAME v. WILDERMLTH

Nos. 20061-63. Supreme Court

On motion to certify. Dock. Aug. 18, 1926; 4 Abs. 575.

367. DEEDS—Does a covenant in a deed, to pave all streets abutting lots, include a